## SIENA *v.* RODRÍGUEZ.

### APPEAL from the District Court of Mayagüez.

No. 202.—Decided March 31, 1908.

ALLEGATIONS—DEMURRER—CAUSE OF ACTION—HEREDITARY PROPERTY.—The complaint filed in this case does not state facts sufficient to constitute a cause of action, because the plaintiff seeking to recover as an heir an interest in the properties possessed by the defendant, only states in his complaint that such properties at one time belonged to his predecessor in interest, but the fact that his predecessor had alienated the same is not denied in any respect. No allegation is made against the defendant's title except the former ownership of his predecessor, and it is not even claimed that defendant's possession is unjust or in bad faith.

The facts are stated in the opinion.

*Mr. Fernando Vázquez* for respondent.

The appellant did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

It appears from the complaint filed in the court below that the complainant and appellant filed this suit in the representation of his minor son and that said son, Francisco Siena y Rodríguez, was one of the heirs of his maternal grandparents; that the said grandparents owned the certain piece of property described in the complaint; that upon the death of the said conjugal pair there was a division of some of their property, two houses being sold and the minor receiving $66.67 as his share of such sale; that this division was made by public deed in which the complainant representing his son and the respondent appeared as parties, the latter being the son and one of the heirs of said matrimonial pair. In the same deed there was an agreement that if other property should be discovered it should be divided among the heirs. The complaint also sets up that the respondent had obtained a declaration of dominion title, and had the same registered, and also that the defendant withholds the property claiming the exclusive ownership of the same.

The District Court of Mayagüez rendered judgment on the 20th day of August, 1907, basing its judgment on the fact that the complaint failed to state a cause of action or even supposing the statement of a cause of action the law and the facts were nevertheless in favor of the defendant. The appeal was taken on the 7th day of September, 1907. The complaint is plainly insufficient. It shows that the defendant has the civil and physical possession of the property in controversy, and although it sets up that the property once belonged to the maternal ancestors of plaintiff's son, it does not allege or in any wise negative the fact that the said ancestors may not have alienated the now disputed land. Against the title of the respondent nothing is alleged except that the ancestors of Francisco Siena once owned such property. It is not even asserted that the defendant wrongfully or unjustly holds the land.

Moreover, the case went to trial and there the respondent, called as a witness by the complainant, testified that he had acquired the property from his parents which they had sold him to pay their debts, and on the death of his mother he paid his father the balance owing. And there is nothing in the proof to controvert this evidence. Then, too, the inscription of respondent anteceded the deed of division and the complainant must be presumed to have known of this adverse holding when he signed the deed. A close scrutiny of the record and of the appellant's brief fails to justify the appeal taken in this case and the judgment must be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.